143 F.Supp.2d 979 (2001)
In re BAY CITY TIMES, Petitioner,
United States of America, Plaintiff,
v.
Michael J. Kuhn, Defendant.
No. 99-CR-20060.
United States District Court, E.D. Michigan, Northern Division.
May 21, 2001.
Michael J. Hluchaniuk, U.S. Attorney's Office, Bay City, MI, for U.S.
William A. Brisbois, William A. Brisbois & Associates, Saginaw, MI, Edward J. McNeely, III, McNeely, Crampton, Grand Rapids, MI, for Michael J. Kuhn.
OPINION AND ORDER GRANTING REQUEST OF BAY CITY TIMES FOR ACCESS TO IDENTITY OF TRIAL JURORS
LAWSON, District Judge.
Before the Court is a request by the Bay City Times that the Court authorize the clerk of this court to release the names and communities of residence of the trial jurors in this case. Because the subject of the request constitutes matters which are already in the public record, and releasing the information will not unduly infringe on the jurors' privacy interests, the Court will grant the request.

I.
The defendant in this case is the former superintendent of the Bay City Wastewater Treatment Plant. He was charged in a four-count indictment with criminal violations of the Clean Water Act, 33 U.S.C. §§ 1311, et seq. (the Act). Two counts of the indictment allege that the defendant caused the deposition and discharge of sewage sludge into a ditch that led directly into the Saginaw River. The other two counts alleged violations of the reporting requirements of the Act.
*980 The Court conducted a jury trial which began on April 24, 2001 and concluded on May 14, 2001 at which time the jury returned a verdict of guilt on all four counts. During the voir dire proceedings, each prospective juror announced his or her name and community of residence. The addresses and telephone numbers of the jurors were not disclosed.
The trial attracted the attention of the local media. Articles recounting each day's testimony regularly appeared in the petitioner's newspaper. After the verdict was returned, apparently a reporter requested the names of the trial jurors from the clerk's office. The request was refused and the petitioner was referred to this Court. Thereafter, petitioner's counsel submitted a request and a proposed order for the disclosure of the trial jurors' names and communities of residence, but not their telephone numbers or home addresses.

II.
The First Amendment protects the right of the public and the press "to gather information," to attend and discuss judicial proceedings, and, to the press, to access information generally available to the public. Branzburg v. Hayes, 408 U.S. 665, 681, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). However, "the right to gather news, much like other first amendment rights, is not absolute." United States v. Brown, 250, F.3d 907, 914-15 (5th Cir. 2001). The right of the press to access information must be balanced against other interests which likewise are afforded historical protection, such as an accused's right to a fair trial. See Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).
Among the interests which may compete, even clash, with the news-gathering function of the press is the right of trial jurors to their privacy. See Press Enter. Co., v. Superior Ct. of Cal., 464 U.S. 501, 510-13, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The government likewise has an interest in the privacy of jurors to the point that, in some circumstances, anonymous juries have been seated in some criminal cases. See Brown, supra.
In In re Globe Newspaper Co., 920 F.2d 88 (1st Cir.1990), the Court summarized the competing interests implicated by a media request for juror identity. The Court began the discussion by first identifying those purposes served by openness of the judicial process in general, which include
assuring that proceedings are conducted fairly; discouraging perjury, misconduct of participants, and biased decisions; prophylaxis as an outlet for community hostility and emotion; ensuring public confidence in a trial's results through the appearance of fairness; inspiring confidence in judicial proceedings through education regarding the methods of government and judicial remedies.
Id. at 94 (citing Richmond Newspapers, Inc., v. Virginia, 448 U.S. 555, 571-72, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980)). Although the Court acknowledged that juror information is distinguishable from the public record in general,
[k]nowledge of juror identities allows the public to verify the impartiality of key participants in the administration of justice, and thereby ensures fairness, the appearance of fairness and public confidence in that system. It is possible, for example, that suspicions might arise in a particular trial (or in a series of trials) that jurors were selected from only a narrow social group, or from persons with certain political affiliations, or from persons associated with organized crime groups. It would be more difficult to inquire into such matters, and those suspicions *981 would seem in any event more real to the public, if names and addresses were kept secret. Furthermore, information about jurors, obtained from the jurors themselves or otherwise, serves to educate the public regarding the judicial system and can be important to public debate about its strengths, flaws and means to improve it.
Globe Newspaper, 920 F.2d at 94.
Equally important, however, is the fact that "the secrecy of jury deliberations fosters free, open and candid debate in reaching a decision." Id. Furthermore, "[p]ermitting the unbridled interviewing of jurors could easily lead to their harassment, to the exploitation of their thought process, and to diminished confidence in jury verdicts." Id. at 95.
There is little statutory guidance on this subject. A provision contained in 28 U.S.C. § 1863, which provides generally for the implementation of jury selection plans by the district courts, states that such plans shall
fix the time when the names drawn from the qualified jury wheel shall be disclosed to parties and to the public. If the plan permits these names to be made public, it may nevertheless permit the chief judge of the district court, or such other district court judge as the plan may provide, to keep these names confidential in any case where the interests of justice so require.
28 U.S.C. § 1863(b)(7).
The plan adopted in this district provides in part:
names drawn from the qualified jury wheel for petit jury service will not be made public until the jurors have been summoned and have appeared for service. Any district judge may order the names to be kept confidential in any case when the interests of justice so require.
United States District Court, Eastern District of Michigan Jury Selection Plan, § (o)(5) (adopted December 5, 2000).
The statutory language, and similar plan language, has been construed by the United States Court of Appeals for the First Circuit to permit withholding of juror names in "extraordinary circumstances." Globe Newspaper, 920 F.2d at 97. Those "circumstances" may be determined by the trial court, in its discretion, but generally include "a credible threat of jury tampering, a risk of personal harm to individual jurors, and other evils affecting the administration of justice...." Id.
Other courts have responded to requests for juror information by imposing various levels of restraints, depending on the nature of the request and the circumstances of the underlying case. For example, in United States v. Brown, supra., the Court of Appeals approved the trial judge's order protecting juror anonymity even after the verdict was returned. The case involved a celebrated prosecution of a former governor of Louisiana. In United States v. Espy, 31 F.Supp.2d 1 (D.D.C.1998), the Court approved release of juror identification, but delayed the release for a period of time to "allow the jurors an uninterrupted opportunity to catch up on precious time spent away from family, in the service of society, and to resume their normal round of activities." Id. at 2 (citation and internal quotes omitted). In In re Indianapolis Newspapers, Inc., 837 F.Supp. 956, 958-59 (S.D.Ind.1992), the Court granted the newspaper's request for juror information, but only after instructing the jurors that they need not, and probably should not, respond to media inquiry.

III.
In this case, there was public attention devoted to the trial, for the most part by the petitioner. However, the coverage *982 was not sensational or pervasive. Nor was the prosecution of the defendant in this case likely to engender public reaction to the same degree as the prosecution of a former governor (Brown) or a cabinet secretary (Espy). Furthermore, the petitioner's request is measured and confined to matters within the public record. If this Court were to deny the request, petitioner may well purchase a transcript of the voir dire proceedings and glean therefrom the same information presently sought. Under those circumstances, the Court does not believe that the "interests of justice ... require" the Court to relegate petitioner to incurring such expense when such public information may be otherwise furnished without compromising juror privacy.
Further, it is apparent that the petitioner is sensitive, at least in some degree, to issues relating to juror privacy, inasmuch as petitioner's proposed order specifically provides that juror addresses and telephone numbers shall not be released. This limitation is consistent with vitiating those interests served by access to juror identity that do not require actual interviews, such as identifying the regional cross-section of the community of this trial jury, and educating the public about the judicial system.
Finally, each of the jurors has been informed about the request for his or her name and has been advised that he or she need not respond to requests for interviews. If a juror believes an inquiry rises to the level of harassment, the juror may resort to this Court for relief, and each juror has been so informed.

IV.
Accordingly, it is ORDERED that the Clerk of the Court may release the names and cities of residents of the trial jurors in this case.
It is further ORDERED that the clerk shall not release telephone numbers, home addresses or any information about the trial jurors.